IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN W. OAKLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 06-4073-JPG |
| **SCOTT McCABE,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the court is Defendant's Motion to Deem Facts Admitted. **(Doc. 26)**. Plaintiff has not filed a response and the time for doing so is now expired. The court deems the failure to file a response to be an admission of the merits of the motion. SDIL-LR 7.1(g).

Defendant served Requests for Admissions on plaintiff concerning his medical records. The first request asked plaintiff to admit, in effect, that the attached medical records qualified as business records. The second request asked plaintiff to admit that his alcohol level was .245 at the hospital following the altercation between plaintiff and defendant. **See, Doc. 21.**

Plaintiff's response, which was erroneously docketed as "proposed findings of fact and conclusions of law" was that defendant should be required to have a "sponsoring witness" for the records. He also objected that his alcohol level is irrelevant. **See, Doc. 22.**

This case involves a claim by plaintiff that defendant, a police officer, used excessive force on plaintiff during an arrest. Defendant contends that plaintiff resisted arrest. Whether plaintiff was intoxicated at the time is obviously relevant. The objection is denied.

The Federal Rules of Civil Procedure contemplate that parties will, in good faith, admit

the genuineness of documents when asked to do so, thereby doing away with the necessity of bringing in a custodian of records to establish the business records foundation.  This is particularly appropriate in the case of medical records.  Rule 37(c)(2) provides for the imposition of sanctions against a party who refuses to admit the genuineness of documents without reasonable grounds.  Plaintiff has not set forth any reasonable grounds, and has not, in fact, denied that the records are genuine or that they qualify as business records.

Upon consideration and for good cause shown, Defendant's Motion to Deem Facts Admitted **(Doc. 26)** is **GRANTED**.  The matters set forth in defendant' Requests for Admission **(Doc. 21)** are deemed admitted.

**IT IS SO ORDERED.**

**DATE: September 21, 2007.**

    **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**